{¶ 9} I agree with the principal opinion that the domestic violence statute in question does not violate the Ohio Constitution. In doing so, I resist the temptation to join the rationale of the majority in State v. Ward, supra, which concludes a statute bestowing any single effect of a de jure
marriage upon a statutorily designated status "runs afoul of the amendment". See, Ward, at ¶ 24. Ward posits the choice as being between a single effect and "all of the effects of marriage". In their effort to develop a bright line rule, I believe the Ward majority has overlooked the import of the amendment's choice of words, specifically "approximate".Webster's II New College Dictionary (1999) defines approximate in its context as a verb to mean "To be nearly the same as" or "To come near or close, as in nature, degree or quality". In spite of the use of the disjunctive, this implies that we look to the legal status in question see if it comes close to replicating all the incidents of marriage as a whole, i.e. it truly is a defacto marriage, which would be impermissible, or, on the other hand, it merely shares some attributes with a de jure marriage, which, in my view, would be permissible. I realize an approach that compares the contested status with marriage in toto
requires a case by case, fact specific analysis. But courts are in the business of "drawing lines" on a daily basis, and I believe that is the appropriate analysis in this instance. Thus, I reject the bright line, single effect approach taken in Ward
and join my colleagues who have concluded this single incident of sharing a common attribute does not approximate marriage.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and this cause remanded for further proceedings consistent with this opinion. Appellant shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, P.J.: Concurs with Concurring Opinion.
McFarland, J.: Concurs in Judgment Opinion.